**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLENE HAMMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-cv-00307 |
| ) | |
| vs. ) | |
| ) | |
| FINANCIAL BUSINESS AND ) | |
| CONSUMER SOLUTIONS, INC D/B/A ) | |
| FBCS INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Serve at: ) | |
|    FBCS Inc. ) | |
|    330 S. Warminster Road, Suite 353 ) | |
|    Hatboro, PA 19040 ) | |
| ) | |
| And ) | |
| ) | |
| DOES 1-4 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Charlene Hammack ("Plaintiff"), through counsel, brings this Complaint against Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS Inc., Inc and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for his Complaint:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) Defendant's acts and

transactions aimed at Plaintiff occurred here; and b) Defendant transacts business in this District.

## PARTIES

3. Plaintiff, Charlene Hammack, is a natural person residing within this District from whom Defendant attempted to collect an alleged debt. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS Inc. is a Pennsylvania corporation with its principal offices at 330 S. Warminster Road, Suite 353 Hatboro, PA 19040. It does business as a debt collector in Missouri, among other places.

5. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown.

6. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt originated from supposed purchase from the University of Phoenix.

7. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

8. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

9. On or about February 3, 2016, Defendant sent Plaintiff the letter attached as **Exhibit A**.

10. On information and belief, Defendant's February 3, 2016 letter was delivered to Plaintiff via mail a matter of days after February 3, 2016

11. Defendant's letter stated that Defendant was attempting to collect a debt of $1,857.00.

12. Plaintiff, as a wage earner, and with a number of financial obligations, could not afford to pay the alleged debt, even if it was valid.

13. Defendant's February 3, 2016 letter invited Plaintiff to call Defendant to discuss the alleged debt.

14. In its February 3, 2016 letter Defendant stated, as required by 15 U.S.C. § 1692g, that Plaintiff had thirty (30) days from the day she received the letter to dispute the debt and obtain validation and verification thereof.

15. Shortly after receiving Defendant's February 3, 2016 letter, Plaintiff called Defendant to gather information about the debt and Defendant's collection activity.

16. Plaintiff's call occurred within Plaintiff's statutory dispute period pursuant to Sec. 1692g of the FDCPA, as noted in Defendant's February 3rd letter.

17. During the call, Defendant demanded payment before the end of the 30-day "validation period" permitted to consumers like Plaintiff by Section 1692g of the FDCPA.

18. Specifically, Defendant said to Plaintiff that Defendant's "letter went out on the 3rd [of February 2016] so I have until the 29th" for Plaintiff to make a payment.  In attempting to

clarify, Defendant led Plaintiff to believe that Defendant can't take a promised payment beyond a 7-day period even if that period was within Plaintiff's validation period.

19. Furthermore, while trying to coax Plaintiff into a multi-month payment arrangement, Defendant emphasized that "we would always ask for it to be paid now" even though Plaintiff's validation period under Section 1692g would expire no earlier than March 3, 2016.

20. Defendant's payment demand overshadowed Plaintiff's dispute, validation, and verification rights pursuant to Section 1692g of the FDCPA.

21. Through its conduct, Defendant caused Plaintiff to believe that she could not exercise those rights or that such an exercise would not be honored and that she had to pay the debt within her Section 1692g "validation period" for, among other things, disputing the debt or a portion thereof.

22. Plaintiff never entered any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

23. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

24. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

25. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

26. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

27. Specifically, Section 1692g dictates that "[a]ny collection activities and communication during the 30-day period [i.e., the "validation period"] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).  During 2006, Congress amended 15 U.S.C. § 1692g to expressly prohibit overshadowing "collection activities," such as statements by debt collectors to consumer via telephone during the validation period.

28. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

### **COUNT I: VIOLATION OF THE FDCPA**

30. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

31. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Overshadowing Plaintiff dispute, validation, and verification rights by 15 U.S.C. § 1692g; and

   b. Using oppressive, deceptive, and unfair collection conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

32. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

a. statutory damages of $1,000;

b. actual damages;

c. prejudgment and/or post-judgment interest as permitted by law;

d. costs and reasonable attorneys' fees; and

e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  January 27, 2017                                     Respectfully Submitted,


By:     /s/ Nathan D. Sturycz
Nathan D. Sturycz, #61744MO
100 N. Main, Suite 11
Edwardsville, IL  62025
Phone: 877-314-3223
Fax: 888-632-6937
nathan@mainstreet-law.com
*Attorney for Plaintiff*